UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONALD W. SNOVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00525-JPH-MJD |
| ) | |
| WARDEN W.V.C.F., ) | |
| ) | |
| Respondent. ) | |

**ORDER DIRECTING PETITIONER TO SHOW CAUSE
AND ADDRESSING FILING FEE**

Petitioner Donald Snover is incarcerated by the Indiana Department of Correction, currently at Wabash Valley Correctional Facility. On October 23, 2025, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions in state court cause number 20C01-0311-FA-199. Mr. Snover did not pay the required filing fee of $5.00. Also, Mr. Snover will be directed to show cause why this action should not be dismissed as untimely.

**I. Filing Fee**

The filing fee for an action under 28 U.S.C. § 2254 is $5.00. Mr. Snover shall have through **December 19, 2025**, to either pay the fee for this action or demonstrate his financial inability to do so.

**II. Order to Petitioner to Show Cause**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs the Court to conduct a preliminary review of every habeas

1

corpus petition, and, if from the face of the petition it appears the petitioner is not entitled to relief, to dismiss the petition.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Generally, there is a one-year limitation period for filing a habeas corpus action, which is triggered by the latest of four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). This time period is tolled while a "petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Snover does not appear to dispute that the one-year time period for bringing this action expired long ago. Specifically, he was sentenced in the state

case he challenges on February 11, 2005. He pursued a direct appeal in the Indiana Court of Appeals, which affirmed the convictions and sentence on November 30, 2005. *See Snover v. State*, No. 20A03-0506-CR-254. On February 2, 2006, the Indiana Supreme Court dismissed Mr. Snover's petition to transfer as untimely, thus concluding the direct appeal process. Thereafter, Mr. Snover filed a petition for post-conviction relief on December 5, 2006, but he withdrew that petition on February 12, 2008. Mr. Snover did not attempt to file another PCR petition until April 3, 2014. Clearly, the one-year limitations period to file a habeas corpus action expired between the dismissal of the first and the filing of the second PCR actions.[1] Mr. Snover does not allege that there was an "impediment" to filing this action sooner, or that the United States Supreme Court recently recognized a new right, or that new facts had recently been discovered.

Seemingly acknowledging the untimeliness of this action. Mr. Snover contends in the "Timeliness of Petition" section of his filing that "extraordinary circumstances" prevented a timely filing. Dkt. 2 at 14. Specifically, Mr. Snover contends that he "just discovered" a district court case that would support his claims. *Id.* (citing *Harris v. Hoffman*, 2024 U.S. Dist. LEXIS 197908 (E.D. Wis.

---

[1] The second PCR petition was denied on the merits, the Indiana Court of Appeals affirmed that denial, and the Indiana Supreme Court denied transfer. *See Snover v. State*, No. 20A03-1505-PC-320. Mr. Snover has twice since then sought permission to file a successive PCR petition, but the Indiana Court of Appeals has denied both requests. *See Snover v. State*, No. 20A04-1607-SP-1570; *Snover v. State*, No. 25A-SP-2158.

Oct. 31, 2024)). He also generally argues that his lack of legal training has impacted his ability to timely file this action.

"Equitable tolling—a court's decision to toll some period of time to allow a petitioner to overcome an otherwise breached limitations period—is an exceptional remedy available to a habeas petitioner who shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (cleaned up). A habeas petitioner bears the burden of proving that he or she qualifies for equitable tolling. *Id.* "Lack of familiarity with the law, however, is not a circumstance that justifies equitable tolling." *Id.* (citing *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008)). *See also United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008) ("lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations").

Mr. Snover's claim that he lacked adequate legal training to bring this action sooner does not excuse the untimeliness of its filing. Therefore, Mr. Snover's petition for a writ of habeas corpus is subject to **dismissal with prejudice**. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

The Court may sua sponte consider the timeliness of a habeas petition but must afford the parties notice and an opportunity to be heard before acting on its own initiative to dismiss a petition as untimely. *See Day v. McDonough*, 547 U.S. 198 (2006). It appears that Mr. Snover's § 2254 petition is untimely, and it

does not identify any proper basis for equitable tolling. Mr. Snover will have through **December 19, 2025**, to show cause why his petition should not be summarily dismissed as untimely.

### III. Conclusion

Mr. Snover must both resolve the filing fee issue for this case and show cause why it should not be dismissed as untimely no later than **December 19, 2025**. Failure to respond to this order to show cause will result in dismissal of this action without further notice.

**SO ORDERED.**

Date: 11/18/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONALD W. SNOVER
147279
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only